UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SHANE RIVERA,<br><br>Petitioner,<br><br>v.<br><br>LEANNA LUNDY, ACTING WARDEN,<br><br>Respondent. | Case No. 5:23-cv-00463-SSS (DTB)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed herein.

The Report recommends the dismissal of the Petition as untimely and the dismissal of this action with prejudice. [Dkt. 45]. Petitioner's objections to the Report [Dkt. 52] do not warrant any change to the Report's findings or recommendations.

Petitioner objects that the California Supreme Court's rejection of his state habeas petition was "a clear signal that it found the [state habeas] petition timely." [Dkt. 52 at 2-3]. On the contrary, the decisions of the California Supreme Court had no effect on the statute of limitations. Petitioner's state habeas petitions were filed with the California Supreme Court in September 2017 and January 2023, after the deadline expired in September 2013. [Dkt. 45 at 11, 13]. Thus, "the statute of limitations had already lapsed and could not be reinitiated." [*Id*. at 13 (citing *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)].

Petitioner objects that his resentencing petition in the state court resulted in a new, intervening judgment that re-started the statute of limitations. [Dkt. 52 at 3-5]. On the contrary, as the Report found, the denial of resentencing relief meant there was not a new, intervening judgment that restarted the statute of limitations. [Dkt. 45 at 17 (citing *Cole v. Sullivan*, 480 F. Supp. 3d 1089, 1096 (C.D. Cal. 2020))]. *See also Nguyen v. Acevedo*, 2023 WL 8478535, at *2 (E.D. Cal. Dec. 6, 2023) ("There is . . . no basis on which to conclude that the denial [of resentencing] restarted the statute of limitations for the original, underlying conviction."); *Hernandez v. Koenig*, 2023 WL 7169573, at *5 (C.D. Cal. Sept. 11, 2023) (when sentence review does not result in imposition of a new judgment, the proceeding "does not restart the limitation period") (quoting *Branham v. Montana*, 996 F.3d 959, 968 (9th Cir. 2021)).

Petitioner objects that his resentencing claims, under California Penal Code § 1172.6, could not have been raised in a federal habeas petition earlier than he raised them. [Dkt. 52 at 5-6]. It is unnecessary to decide when Petitioner could have raised these claims. The claims are not cognizable on federal habeas review, regardless of when Petitioner raised them. *See Thompson v. Guzman*, 2025 WL 1126527, at *1 (C.D. Cal. Mar. 20, 2025) ("As this Court repeatedly has held, a state court's allegedly erroneous denial of resentencing under section 1172.6 (or its predecessor,

section 1170.95) does not raise an issue cognizable on federal habeas corpus.") (collecting cases).

Petitioner objects that his ignorance of the law and the ineffective assistance of his appellate counsel are factors to be considered. [Dkt. 52 at 7]. On the contrary, these circumstances are not extraordinary circumstances warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*pro se* petitioner's ignorance of the law is not an extraordinary circumstance); *Long v. Paramo*, 2018 WL 4772285, at *2 (C.D. Cal. Oct. 2, 2018) (appellate counsel's failure to raise issues is not an extraordinary circumstance) (collecting cases).

Having made a *de novo* determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that Respondent's Motion to Dismiss is granted and that Judgment be entered dismissing the Petition with prejudice.

Dated: August 11, 2025

_____
SUNSHINE S. SYKES
United States District Judge